**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCE MAGAZINE PUBLISHERS, INC. d/b/a CONDÉ NAST,<br><br><br>       Plaintiff,<br><br>GOULASH UNLIMITED LLC,<br><br>       Defendant. | Civ. Action No. 26-CV-1463 (CM) (HJR) |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Goulash Unlimited LLC ("Defendant" or "Goulash"), by its undersigned counsel, answers the Complaint of Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast ("Plaintiff" or "Condé Nast") as follows. Unless expressly admitted, all allegations are denied.

## PRELIMINARY STATEMENT

This lawsuit rests on a foundational legal deficiency that is fatal to both of Condé Nast's causes of action.  Condé Nast claims to own the GOURMET trademark, which it associates with a famed culinary publication that ran for over half a century until 2009.  But that magazine has been defunct for seventeen years, and Condé Nast has knowingly and deliberately abandoned any trademark rights it once held in GOURMET.  Condé Nast shuttered *Gourmet* magazine in 2009, leaving only the website gourmet.com, which Condé Nast then effectively shut down in 2017, redirecting all traffic to its separate *Epicurious* site.  The former GOURMET brand is now housed

1

on *Epicurious* only as a historical archive — a legacy content section, not an active, living publication.

Affirming the abandonment of its trademark rights, Condé Nast subsequently made the deliberate decision not to renew its various "GOURMET" federal trademarks.  Between the time Condé Nast filed for its first trademark registration for *Gourmet* magazine in 1940 and 2017, it registered or applied for registration for at least 18 different uses of the mark, covering a broad number of categories, including magazines, cookbooks, frozen foods, coffee grinders, and "[p]roviding information in the fields of food, beverages, cooking, baking, recipes and restaurant devices ..."  With one non-material exception, it has now allowed every single one of those registrations and applications to lapse, and Condé Nast currently holds no federal trademark registration for GOURMET as applied to a magazine or publication.  Three representative examples are pictured below:



Tellingly, Condé Nast obtained a single new federal registration for GOURMET for "all variety of puzzles" in 2021 and updated it in 2024, demonstrating that Condé Nast has been active with its registration program and that the decision to let its other GOURMET marks lapse was deliberate.

The cancellation of its registrations is not merely a formality — it signals that Condé Nast has no intention of continuing to use the mark that it had stopped using long ago. Under well-

established Lanham Act principles, three years of nonuse creates a rebuttable presumption of abandonment. Condé Nast's nonuse of GOURMET as a stand-alone publication mark has now lasted far longer than that.

Goulash is an independent, original publisher that uses a common English word to describe the food-related content it provides to its readers. It made no misrepresentation of fact; it merely stepped into a space Condé Nast vacated long ago. This litigation is an attempt by a large incumbent media company to silence a small independent publication through the threat of expensive federal litigation — precisely the type of overreach that trademark law's abandonment doctrine, and the other doctrines referenced below, exist to prevent.  Condé Nast's Complaint should be dismissed in its entirety, and Goulash should be awarded its attorneys' fees and costs.

## NATURE OF THE ACTION

1.      To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, Defendant admits that Plaintiff alleges it owns the GOURMET trademark but denies that it actually owns that mark; admits that this action concerns Defendant's alleged use of GOURMET on a website launched in January 2026; and denies the remaining allegations in this paragraph.

2.      Defendant denies that the quotations in this paragraph are full or accurate descriptions of the Instagram and website posts in question, which speak for themselves, and otherwise denies the allegations in this paragraph.

3.      To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

4.      To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, the allegations are denied.

5.     To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant admits that Plaintiff moves the court for injunctive relief and monetary remedies arising out of the alleged infringement, but otherwise denies the allegations in this paragraph.

## THE PARTIES

6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7.     Defendant admits the allegations in this paragraph.

## JURISDICTION AND VENUE

8.     To the extent the allegations of this paragraph contain allegations of law, no response is necessary. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C § 1121 and 28 U.S.C. §§ 1331,1338(a) and 1367(a) but otherwise denies the allegations of this paragraph.

9.     To the extent the allegations of this paragraph contain allegations of law, no response is necessary.  To the extent a response is required, Defendant denies that venue is proper to the extent alleged beyond what is provided by statute; otherwise, Defendant does not contest venue in this District.

## FACTS RELEVANT TO ALL CLAIMS

### CONDÉ NAST'S LONGSTANDING AND CONTINUOUS
### USE AND OWNERSHIP OF THE GOURMET TRADEMARK

10.     Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

11.     Defendant admits that Condé Nast previously published a magazine called

*Gourmet*, which has been defunct since 2009. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations set forth in this paragraph; therefore, they are denied.

12.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

13.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

14.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

15.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

16.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

17.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

18.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

19.    Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in this paragraph; therefore, they are denied.

20.    Defendant denies the allegations in this paragraph.

**GOULASH'S INFRINGING AND MISLEADING USES OF THE GOURMET MARK TO BRAND AND PROMOTE ITS FOOD PUBLICATION**

21.    Defendant admits that it launched its own "food magazine" entitled *Gourmet* on GourmetMagazine.net and that it offers paid tiered subscriptions to that magazine beginning at $7 per month, but otherwise denies the allegations in this paragraph.

22.    Defendant admits that it operates an Instagram account under the handle "@Gourmet.Lives", which has accrued more than 17,000 followers, but otherwise denies the allegations in this paragraph.

23.    Defendant admits that it filed an application to register GOURMET with the United States Patent and Trademark Office ("USPTO") that was assigned Serial. No. 99239527 and refers to the cited application for a complete description of its contents.

24.    Defendant denies the allegations in this paragraph.

25.    Defendant denies the allegations in this paragraph.

26.    Defendant denies that the quoted language is a full or accurate description of the contents of the article in question, which speaks for itself, and otherwise denies the allegations in this paragraph.

27.    Defendant denies that the quoted language is a full or accurate description of the contents of the website and Instagram posts in question, which speak for themselves, and otherwise denies the allegations in this paragraph.

28.    Defendant admits that Condé Nast has not authorized its use of the word "Gourmet" but denies that any such authorization is required.

29.    To the extent the allegations of this paragraph contain allegations of law, no response is necessary.  To the extent a response is required, Defendant denies the allegations in this paragraph.  Defendant further avers that the user comments in question are comments

celebrating the idea of a revived culinary publication in the spirit of the original *Gourmet* magazine, not comments reflecting any belief that Goulash's publication is affiliated with, sponsored by, or approved by Condé Nast.

30.    Defendant denies the allegations in this paragraph.

31.    Defendant denies the allegations in this paragraph.

32.    Defendant admits that Condé Nast sent the letter in question, but denies that the allegations in the letter are accurate.

33.    To the extent the allegations of this paragraph contain allegations of law, no response is necessary.  To the extent a response is required, Defendant admits it continues to operate *Gourmet* but otherwise denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION
## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

34.    Defendant repeats and realleges its responses to paragraphs 1 through 33 as if fully set forth herein.

35.    To the extent the allegations of this paragraph contain allegations of law, no response is necessary.  To the extent a response is required, Defendant denies the allegations in this paragraph.

36.    Defendant denies the allegations in this paragraph.

37.    To the extent the allegations of this paragraph contain allegations of law, no response is necessary.  To the extent a response is required, Defendant denies the allegations in this paragraph.

38.    To the extent the allegations of this paragraph contain allegations of law, no

response is necessary.  To the extent a response is required, Defendant denies the allegations in this paragraph.

39.    To the extent the allegations of this paragraph contain allegations of law, no response is necessary.  To the extent a response is required, Defendant denies the allegations in this paragraph.

40.    To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph.

41.    To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph.

42.    To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION UNDER THE COMMON LAW OF NEW YORK

43.    Defendant repeats and realleges its responses to paragraphs 1 through 42 as if fully set forth herein.

44.    To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph.

45.    To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph

46.    To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph

47.    To the extent this paragraph contains allegations of law, no response is necessary. To the extent a response is required, Defendant denies the allegations in this paragraph.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested, including but not limited to injunctive relief, cancellation, transfer of domain, damages, profits, treble or punitive damages, attorneys' fees, costs, interest, or any other relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

**Failure to State a Claim**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

**Trademark Abandonment**

Plaintiff has abandoned any rights, if any, in the alleged GOURMET mark due to discontinuance of bona fide use with intent not to resume, and/or through uncontrolled licensing, naked licensing, or failure to exercise adequate quality control, such that any purported rights have ceased and any residual significance no longer indicates a single source.

### THIRD DEFENSE

**No Likelihood of Confusion**

Plaintiff's claims are barred because Defendant's use is not likely to cause confusion as to source, sponsorship, affiliation, or approval.

### FOURTH DEFENSE

**Acquiescence, Estoppel, Laches**

Plaintiff's claims are barred in whole or in part by acquiescence, estoppel, laches, and/or undue delay.

### FIFTH DEFENSE

**No Ownership/Standing Beyond Alleged Uses**

Plaintiff lacks ownership or standing to assert rights in the alleged mark beyond the scope of its actual, lawful use.

### SIXTH DEFENSE

**Unclean Hands**

9

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH DEFENSE

**Descriptiveness/Lack of Secondary Meaning**

Plaintiff's claims are barred because the GOURMET mark is merely descriptive and has

not acquired secondary meaning in the minds of the purchasing public, and therefore is not entitled

to trademark protection.

## EIGHTH DEFENSE

**Damages; Lack of Irreparable Harm**

Plaintiff cannot establish damages, causation, willfulness, or irreparable harm, and is not

entitled to enhanced damages, profits, or attorneys' fees.

## RESERVATION OF RIGHTS AND REMEDIES

Defendant reserves the right to amend or supplement this Answer and to assert additional

defenses and counterclaims as discovery proceeds and facts warrant.

Dated: April 7, 2026                                   Respectfully submitted,

                                                       /s/ Brendan T. Kehoe
                                                       Brendan T. Kehoe
                                                       Matthew A. Leish

                                                       KLARIS LAW PLLC
                                                       161 Water Street
                                                       New York, NY 10038
                                                       Telephone: (646) 779-4882
                                                       brendan.kehoe@klarislaw.com
                                                       matthew.leish@klarislaw.com

10